George A. ANGLE,* Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 92–3157.

United States Court of Appeals,
Tenth Circuit.

June 21, 1993.

Juandell D. Glass, Norman, OK (Patrick J. Regan and John L. Brennan of Regan & McGannon, Wichita, KS, with him on the brief), for plaintiff-appellant.

Janice B. Geier, Attorney, Tax Div., Dept. of Justice, Washington, DC (James A. Bru-

* Doris J. Angle was listed as a plaintiff in the refund suit filed in 1991 and as appellant in the notice of appeal to this court. The returns at issue and the claims for refund were filed in George A. Angle's name alone, and the parties admit that Doris J. Angle is not a party to this appeal.

ton, Acting Asst. Atty. Gen., David I. Pincus, Attorney, Tax Div., Dept. of Justice, Washington, DC, of counsel, Lee Thompson, U.S. Atty., with her on the brief), for defendant-appellee.

Before LOGAN and KELLY, Circuit Judges, and ALLEY, District Judge.**

LOGAN, Circuit Judge. ·

George A. Angle (taxpayer) appeals from the decision of the district court dismissing his federal income tax refund suit for lack of subject matter jurisdiction.

Taxpayer filed a timely income tax return for 1982. That year plaintiff was subject to the "add-on" minimum tax under then I.R.C. § 56(a)[1] and filed with his return a Form 4625 for the purpose of computing his minimum tax liability. On this form, he reported a $453,638 tax preference for intangible drilling costs. In 1984, plaintiff filed a timely refund claim seeking to reduce the amount of intangible drilling costs reported in 1982 (from $453,638 to $416,380) based on his abandonment of a particular well. In 1986, plaintiff filed a second timely refund claim pertaining to his 1982 taxes, this time asserting a net operating loss carryback from 1984 and a decrease in investment tax recapture necessitating a recalculation of his minimum tax liability. On the Form 4625 accompanying this refund claim, plaintiff continued to list his intangible drilling costs as $416,380. Then in 1989, after the statute of limitations for 1982 tax refund claims had run,[2] plaintiff filed a third amended return in which he reduced his intangible drilling costs to zero, with the following explanation: "minimum tax is recomputed not including intangible drilling cost. Taxpayer has income from oil: gas before tax preference depletion & maintains there is no excess intangible drilling cost." Appellant's App. tab 3 at 2. Appar-

ently an examining IRS agent initially accepted this theory, *see id.* tab 4 at 3, but in its final computation the IRS disallowed the reduction of intangible drilling costs to zero as an untimely argument. The district court rejected taxpayer's various attempts to support his entitlement: that his timely amended claims for refund were sufficient to support the tax benefit claim; that the 1989 claim was a valid amendment of the original claim or a permissible defense; that the government waived its defense of the statute of limitations; and that the IRS had a mandatory duty to compute the tax correctly without regard to timeliness. The district court dismissed the case for lack of subject matter jurisdiction.

## I

We review a district court's decision regarding subject matter jurisdiction de novo. *Sierra Club v. Lujan,* 972 F.2d 312, 314 (10th Cir.1992).

Section 7422(a) of the Internal Revenue Code provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary in pursuance thereof.

Filing a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit. *United States v. Dalm,* 494 U.S. 596, 601–02, 110 S.Ct. 1361, 1364–65, 108 L.Ed.2d 548 (1990). The specific requirements for claiming a refund are set out in a Treasury regulation adopted pursuant to the delegation in § 7422(a):

---

** The Honorable Wayne E. Alley, United States District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. The add-on minimum tax was repealed for years after 1982, leaving only the alternative minimum tax. The tax benefit provision relied upon herein, I.R.C. § 58(h), see n. 3 infra, has also been removed from the Code. Excess depletion and excess intangible drilling costs have

been retained as preference items for calculation of the alternative minimum tax. All statutory citations in this opinion are to the Internal Revenue Code as it existed for the 1982 tax year.

2. By executing consents taxpayer extended the assessment period applicable to this 1982 return to December 31, 1987. Under I.R.C. § 6511(c)(1) this extended the period during which he could claim a refund to June 30, 1988.

No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. . . . A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

Treas.Reg. § 301.6402–2(b)(1).

■ The Supreme Court and this court have repeatedly held that in a suit for a refund, a taxpayer may not rely on any ground for recovery that has not been set forth in a timely refund claim filed with the IRS. *See, e.g., United States v. Andrews,* 302 U.S. 517, 524, 58 S.Ct. 315, 319, 82 L.Ed. 398 (1938) ("a claim which demands relief upon one asserted fact situation, and asks an investigation of the elements appropriate to the requested relief, cannot be amended to discard that basis and invoke action requiring examination of other matters not germane to the first claim"); *United States v. Felt & Tarrant Mfg.,* 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931) (statute making claim for refund prerequisite to suit "is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded"); *Herrington v. United States,* 416 F.2d 1029, 1032 (10th Cir.1969) ("the grounds relied on in a suit for refund must be reasonably encompassed by those set out in the claim for refund"). The purpose of such a requirement, as the cases and regulation indicate, is to provide the IRS with adequate information to consider and dispose of claims without the need for litigation, and thus to avoid surprise. *Felt & Tarrant Mfg.,* 283 U.S. at 272, 51 S.Ct. at 377; *Freese v. United States,* 455 F.2d 1146, 1153 (10th Cir.), *cert. denied,* 409 U.S. 879, 93 S.Ct. 85, 34 L.Ed.2d 134 (1972).

■ Taxpayer first maintains that his original and 1986 refund claims provided the IRS with sufficient notice because they raised generally the proper computation of his minimum tax liability. In essence, he argues that because his claim is that his minimum tax must be recomputed (the intangible drilling cost figure must be recalculated), forwarding a new contention as the basis for such an adjustment is not advancing a new theory of recovery within the contemplation of the regulation and the cited cases.

We conclude from examining taxpayer's complaint filed in district court that he made two distinct arguments in his 1989 amended claim: (1) the excess percentage depletion required to be listed as a preference item under § 57(a)(8) should have been added back to the oil and gas income figure used in calculating the excess intangible drilling costs preference item under § 57(a)(11); and (2) the tax benefit rule of § 58(h) "also operates to eliminate any minimum tax liability due to the net operating loss carryback from 1985." Appellant's App. tab 6 at 3.

Neither proposition is akin to discovering a mathematical error in the earlier refund claim. Nor are these arguments obviously and necessarily correct as a matter of law. Rather, they involve theories different from any that taxpayer put forward in the timely filed claims. His contention that depletion should be added back in to calculate intangible drilling costs is a double-counting tax benefit argument. Revenue Ruling 84–124, 1984–2 C.B. 14, referencing capital gains and itemized deductions, may lend some support to taxpayer's theory. But neither the statutory language nor the regulation under § 58(h) are clear enough to establish taxpayer's theory as anything other than a contested legal issue.[3] The same is true for taxpay-

---

**3.** The tax benefit section, I.R.C. § 58(h), provided as follows:

 Sec. 58(h) *Regulations to include tax benefit rule.*—The Secretary shall prescribe regulations under which items of tax preference shall be properly adjusted where the tax treatment giving rise to such items will not result in the reduction of the taxpayer's tax under this subtitle for any taxable years.

The temporary regulation on which taxpayer relies, implementing the delegation of § 58(h), provided as follows:

er's second argument, based on the net operating carryback from 1985. Taxpayer makes no argument on appeal that the 1985 carryback eliminates the minimum tax independent of the recalculation he seeks for the intangible drilling costs. Further, the 1986 amended claim mentions only the 1984 net operating loss. Appellant's App. tab 1 at 3. Thus, the 1985 net operating loss carryback claim, filed after the statute of limitations had expired with respect to the 1982 return, would be barred if the intangible drilling cost claim is barred.

Therefore, we reject taxpayer's arguments that his timely filed claims can support the new contentions made in 1989, after the statute of limitations had expired. If we were to accept taxpayer's arguments to the contrary it would undermine the rationale for requiring that timely filed claims state the grounds for refund explicitly.

## II

 We also must reject taxpayer's argument that the IRS waived the sufficiency requirement by examining his claim on the merits. Although the Commissioner may waive the requirements of the Treasury regulations and examine a claim that departs from the proper form, *Tucker v. Alexander*, 275 U.S. 228, 231, 48 S.Ct. 45, 46, 72 L.Ed. 253 (1927), such waiver must be explicit.

The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim. It is not enough that in some roundabout way the facts supporting the claim may have reached him. The Commissioner's attention should have been focused on the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission.

*Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 297–98, 65 S.Ct. 1162, 1165, 89 L.Ed. 1619 (1945). Here, plaintiff's only basis for claiming waiver is that the IRS recomputed his minimum tax three times pursuant to the various claims and amended claims taxpayer filed. To be sure, on one of these recalculations the examining agent appears to have accepted taxpayer's calculation on the intangible drilling costs, but in its final computation the IRS rejected the claim as untimely. There was no valid waiver of the statute of limitations defense.

## III

 Finally, taxpayer makes a "mandatory duty," fairness argument, that once his proper tax liability is in issue through an IRS audit or his claim for refund, the government is obligated to get it right regardless of the statute of limitations. *See* Rev.Rul. 81–87, 1981–1 C.B. 580.

Revenue Ruling 81–87 provides that when a person timely files a claim that would reduce his taxes, the IRS, in determining whether he is to receive a credit or refund

---

Temp.Reg. § 1.58–9T *Application of the tax benefit rule to the minimum tax for taxable years beginning prior to 1987 (Temporary)*.

(a) *In general.* For purposes of computing the minimum tax liability imposed under section 56 of the Internal Revenue Code of 1954 (Code), taxpayers are not liable for minimum tax on tax preference items from which no current tax benefit is derived because available credits would have reduced or eliminated the taxpayer's regular tax liability if the preference items had not been allowed in computing taxable income. However, any credits that, because of such preference items, are not needed for use against regular tax ("freed-up credits"), are required to be reduced under the rules of paragraph (c) of this section. For purposes of this section, a taxpayer's regular tax is the Federal income tax liability under subchapter A of Chapter 1 of the Code, not including the minimum tax imposed by section 56. Unless otherwise noted, all references to Internal Revenue Code sections refer to the Internal Revenue Code of 1954.

(f) *Treatment of net operating losses.* [Reserved]

We note that the final regulation has now issued, Treas.Reg. § 1.58–9 (1992), almost unchanged from the language quoted above. Subsection (e)(2) of that regulation limits adjustments to tax years on which the statute of limitations has not expired. This provision in substantially similar form was also in the temporary regulation issued before taxpayer filed his 1989 amended claim. *See* 26 C.F.R. § 1.58–9T(e)(2) (1989). The IRS rejected public comments asking it to waive the statute of limitations for such tax benefit adjustments in promulgating the final regulation. *See* 57 Fed.Reg. 19253–01 (1992).

will consider all proper adjustments, whether or not time-barred. It makes clear, however, that the claimant may recover only on the claim he filed within the period of limitations, and then only to the extent that he would be entitled to a refund if his tax liability were properly calculated without regard to the statute of limitations.

The ruling merely restates the holding in *Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932). There the Supreme Court held that a taxpayer is entitled to a refund only if he has "overpaid" his tax.

> While the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefor is necessarily implied. An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded.

*Id.* at 283, 52 S.Ct. at 146.

Neither *Lewis* nor the Revenue Ruling helps the taxpayer here. "[T]he burden is on the claimant to bring his asserted grounds of recovery to the attention of the Service and neither the Commissioner nor his agents can be expected to ferret out possible grounds for relief which a taxpayer might assert." *Herrington,* 416 F.2d at 1032. Neither *Lewis* nor the ruling negate the statutory requirement that taxpayer's claim be timely filed. We have already agreed with the district court that the new contentions first set forth in the 1989 amendments were not timely. That the IRS made adjustments to plaintiff's minimum tax liability calculations after it received plaintiff's timely refund claims does not release plaintiff from his obligation to raise his grounds for refund within the statutory time period.

AFFIRMED.