1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bill Max OVERTON, Plaintiff-Appellant,
v.
UNITED STATES of America; Eastern District of Washington
United States Attorney; Carol Whalen, individually,
Internal Revenue Service; V. Wilis, individually, Internal
Revenue Service, Defendants-Appellees.
 No. 90-35686.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 29, 1993.
 
 Before CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bill Overton appeals from the district court's judgment that dismissed without prejudice his action against the United States and individual employees of the Internal Revenue Service. We review de novo, Williams v. United States Gen. Servs. Admin., 905 F.2d 308, 310 (9th Cir.1990), and we affirm in part, reverse in part, and remand.
 
 
 3
 Overton averred that the IRS had erred in determining his tax liability for the years 1975, 1977, 1978, 1979, and 1981. He sought refunds for alleged overpayments, injunctive relief against assessments and tax liens, and a declaratory judgment that IRS officials had erred in assessing his taxes for those years. In addition, Overton sought damages from the United States and individual IRS employees.
 
 
 4
 The district court bifurcated the plea for damages from the other issues, construing the damage claims as an action authorized under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971). The court said that it would try the refund suit and related issues first, and then try the damage claims. The bifurcated actions retained the same docket number.
 
 
 5
 After years of discovery, a flurry of motions, and an aborted jury trial on the refund claims, Overton moved for summary judgment. He had received a check from the IRS which he said represented the refund amounts he had demanded, plus interest. Rather than granting summary judgment, the district court dismissed the entire case as moot.
 
 
 6
 Complete dismissal was error. Apart from the question whether Overton's acceptance of the check moots his refund suit, the payment had no effect upon his damage claims. Those claims arise from the asserted tortious conduct of federal employees,[1] and not from an alleged overpayment of taxes. Moreover, it would be unfairly harsh to conclude that Overton has abandoned the damage claims. By the district court's order, disposition of those claims was postponed pending the resolution of the refund issues.
 
 
 7
 Dismissal of the remaining claims, however, was proper. Overton seeks what is in essence a declaratory judgment that the IRS wronged him in assessing his taxes. Federal courts have no power to make such a declaration. E.g., Mitchell v. Riddell, 402 F.2d 842, 846 (9th Cir.1968) (interpreting 28 U.S.C. Sec. 2201), cert. denied, 394 U.S. 456 (1969).
 
 
 8
 We are satisfied that the refund claims present no issues involving a recurring liability. Overton has failed to show that the he faces such liability, on grounds identical to those he challenges here, for years after 1981. See Handeland v. Commissioner, 519 F.2d 327, 330 (9th Cir.1975). His fear that the IRS may attempt to revoke the refund he has received is insufficient to sustain our review under the mootness exception for agency orders "capable of repetition, yet evading review." Moore v. Ogilvie, 394 U.S. 814, 816 (1969). Should the IRS attempt revocation of the refund, he may seek judicial review at the appropriate time. We therefore conclude that all but the damage claims are moot.
 
 
 9
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We express no opinion whether the damage claims may be construed properly as a Bivens action