F I L E D
United States Court of Appeals
Tenth Circuit

JAN 14 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILL MAX OVERTON,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 98-2185

(D.C. No. CIV-97-1454)

(D. New Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff, appearing pro se, appeals the district court's dismissal of his complaint. On November 12, 1997, Plaintiff filed a complaint seeking $506,999.00 in actual damages and attorney's fees stemming from tax-related

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

litigation between 1981 and 1996. He claimed that he was owed these monies under the "Omnibus Taxpayer Bill of Rights." R., Vol. I, Doc. 1 at 1. The district court construed Plaintiff's complaint as an action under 26 U.S.C. § 7430 pursuant to which a party who substantially prevails in any civil tax proceeding may be awarded reasonable litigation costs incurred in a court proceeding. See 26 U.S.C. § 7430(a)(2). Defendant moved for a dismissal or, in the alternative, for summary judgment. In its Order filed May 14, 1998, the court determined that Plaintiff's action was untimely because he did not file it within thirty days of final judgment in any of the alleged tax-related actions between 1981 and 1996. The court also found that Plaintiff was not entitled to costs or fees under 26 U.S.C. § 7430 because he had represented himself in the litigation during the years in question. For these two reasons, the district court dismissed Plaintiff's complaint.

The United States may be sued only if it waives its sovereign immunity. See James v. United States, 970 F.2d 750, 753 (10th Cir. 1992). The party bringing suit against the United States must prove that sovereign immunity has been waived. See id. Some courts have expressly stated that 26 U.S.C. § 7430 is "the only waiver of sovereign immunity" in litigation concerning federal taxes and is "the exclusive authority for an award of attorney's fees in the class of cases described by § 7340." United States v. McPherson, 840 F.2d 244, 246 (4th Cir. 1988); accord Smith v. Brady, 972 F.2d 1095, 1099 (9th Cir. 1992); Ferrel v.

Brown, 847 F. Supp. 1524, 1529-30 (W.D. Wash. 1993), aff'd, 40 F.3d 1049 (9th Cir. 1994). Although Plaintiff did not explicitly show that the United States waived its immunity to be sued, the nature of his complaint indicates that he sought recovery of costs incurred in his tax-related litigation between 1981 and 1996. Reading Plaintiff's pro se complaint liberally, see Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996), the district court properly construed it as an action under 28 U.S.C. § 7430.

Although we normally review the district court's denial or award of reasonable litigation costs under 26 U.S.C. § 7430 for an abuse of discretion, see Pate v. United States, 982 F.2d 457, 459 (10th Cir. 1993), our standard of review is heightened in this case because the statutory time-bar in section 7430 qualifies the government's sovereign immunity waiver. See Dahn v. United States , 127 F.3d 1249, 1252 (10th Cir. 1997). Therefore, because the thirty-day time-bar limits subject matter jurisdiction, we review de novo the district court's dismissal of Plaintiff's action. See id.

The district court correctly determined that Plaintiff's action was untimely because Plaintiff had not filed his action within thirty days of final judgment as required by 26 U.S.C. § 7430(c)(4)(A)(ii) and 28 U.S.C. § 2412(d)(1)(B). Plaintiff claims that 26 U.S.C. § 7430 does not apply because it "has been replaced by IRC 6239," Appellant's Opening Br. at 2, a section of the Omnibus

Taxpayer Bill of Rights, Pub. L. No. 100-647, Title VI, Subtitle J (codified as amended in scattered sections of 26 U.S.C.), which Congress passed on November 10, 1988. This reasoning is inaccurate and unsound. Section 6239(a) of Public Law 100-647 revised 26 U.S.C. § 7430 to include costs and fees in administrative proceedings. See 26 U.S.C. § 7430 (Amendments). Thus, section 6239 broadened the scope of costs and fees covered by section 7430, but it did not supplant section 7430 in any way; 26 U.S.C. § 7430 remains in effect and controls the disposition of this case.

Additionally, there is no merit to Plaintiff's argument that his complaint is timely because his action in the Ninth Circuit Court of Appeals is still pending. We cannot determine if Plaintiff has substantially prevailed in that pending action precisely because it is ongoing. Moreover, even assuming that an action is pending in the Ninth Circuit, Plaintiff is not relieved of his obligation to file an application for costs and fees within thirty days of the final judgment in all of his other many actions filed between 1981 and 1996.

Although it was not necessary to do so, the district court also determined that Plaintiff's complaint should fail on its merits partly because he was not entitled to a counsel fee award as a pro se attorney. We can discern no error in this determination. See Corrigan v. United States, 27 F.3d 436, 438 (9th Cir.) (stating that pro se litigant may not recover attorney fees under Internal Revenue

Code), cert. denied, 513 U.S. 1063 (1994); McCormack v. United States, 891 F.2d 24, 25 (1st Cir. 1989) (same); Frisch v. Commissioner, 87 T.C. 838, 847 (1986) (holding that pro se plaintiff could not recover fees for time he spent litigating his own case).

Finally, Plaintiff's claim for fees is not revived by his argument that his fees should be treated as fees for the services of an attorney under 26 U.S.C. § 7430(c)(3) because he is authorized to practice before the Tax Court. This section of the code, providing for recovery of "fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court or before the Internal Revenue Service," 26 U.S.C. § 7430(c)(3), does not mean that pro se attorneys are allowed to recover such fees. Section 7430(c)(3) has been construed as allowing recovery of litigation costs attributable to accountants, see Cozean v. Commissioner, 109 T.C. 227, 234 (1997), and to services performed by individuals under the supervision of someone authorized to practice before the Tax Court or the IRS, such as paralegals and law clerks. See, e.g., Foothill Ranch Co. v. Commissioner, 110 T.C. 94, 101-02 (1998); Powers v. Commissioner, 100 T.C. 457, 493 (1993), aff'd in part, rev'd. in part, and remanded, 43 F.3d 172 (5th Cir. 1995); Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd sub nom. INS v. Jean, 496 U.S. 154 (1990); Kopunec v. Nelson, 801 F.2d 1226, 1229 (10th Cir. 1986). Moreover, Plaintiff has not provided this

court with anything that would lead us to conclude that he was admitted or authorized to practice before the Tax Court or the IRS. See Guyan Oil Co. v. Commissioner, No. 5463-86, 1988 WL 102180, *17 (U.S. Tax Ct. Oct. 6, 1988) (indicating that accountant seeking reimbursement under section 7430 for handling legal aspects of his client's case must be admitted to Tax Court or working under employ or direction of someone so admitted). That Plaintiff had two cases in the Tax Court does not mean that he was authorized to practice there.

Consequently, having thoroughly reviewed the briefs and the record, we conclude that Plaintiff's complaint was properly dismissed.[1]

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1]We note that even if Plaintiff's complaint were timely, it seems to request only fees and "damages" for his own services in representing himself; the complaint does not separately list court costs which might be recoverable under section 7430(c)(1)(A). See Frisch, 87 T.C. at 841-42.