F I L E D
United States Court of Appeals
Tenth Circuit

JAN 7 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BILL MAX OVERTON,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 99-2069
(D.C. No. CIV-98-1012-JP)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Bill Max Overton appeals the district court's February 10, 1999 order dismissing some of his claims and granting summary judgment on the remaining claims. We affirm.

Background

Plaintiff has had several long-running disputes with the Internal Revenue Service (IRS) regarding his tax liabilities, dating from at least 1975. This case requires consideration of some of this past litigation. In 1983, plaintiff filed an action against the United States and several IRS agents, in the United States District Court for the Eastern District of Washington, alleging the IRS erred in determining his tax liability for the years 1975, 1977, 1978, 1979, and 1981. Plaintiff sought a refund of his alleged overpayments, an injunction against future assessments and liens, a declaration that the IRS had erred, and damages. The case remained pending in the district court for many years while the parties engaged in extensive discovery, litigated numerous motions, and participated in an aborted jury trial.

In 1990, plaintiff filed a tax return for the year 1989 in which he claimed a tax liability of $0, and withholding credits in the amount of $33,812. On this basis, the IRS issued a $33,812 payment to plaintiff. Plaintiff then filed a motion for summary judgment in the Eastern District of Washington case, claiming the IRS had acknowledged its error and issued a refund of the disputed amounts plus

interest. Based on plaintiff's representation, the district court dismissed the lawsuit as moot. The Ninth Circuit affirmed in part, agreeing that a refund would moot plaintiff's refund claims, but holding that the damage claims would remain viable. See Overton v. United States, No. 90-35686, 1993 WL 285888, at **1 (9th Cir. July 29, 1993).

In early 1993 the IRS concluded plaintiff was not entitled to the $33,812 in withholding credits he had claimed on his 1989 tax return, and demanded repayment of the credited amount with interest. The IRS also reexamined plaintiff's tax liability for 1989 and 1990 and determined that he owed additional taxes, penalties, and interest for those years. The IRS found that plaintiff owed an additional $30,519 in taxes and $14,392 in penalties for 1989, and an additional $11,561 in taxes and $2,890 in penalties for 1990.

Plaintiff filed a petition in the United States Tax Court to contest these determinations. At some point during the pendency of the case, the Tax Court denied plaintiff's motion for a jury trial, and he appealed the denial to the Fifth Circuit Court of Appeals. The Fifth Circuit dismissed plaintiff's appeal on April 20, 1994. On February 14, 1996, the Tax Court dismissed plaintiff's petition for failure to prosecute and entered an order confirming that plaintiff owed the additional taxes and penalties described above for the years 1989 and 1990. On July 1, 1996, the IRS assessed the taxes and penalties determined by

the Tax Court, with interest, and issued its demand for payment. On August 12, 1996, the IRS issued notice of its intent to levy, and on October 8, 1997, the IRS attempted an unsuccessful levy on Advanta National Bank. The IRS issued another intent to levy on May 6, 1998, and on June 11, 1998, it sent notices of levy to nine banks, including Safra National Bank and Advanta National Bank. On August 10, 1998, the IRS received $99,411.85 from Safra National Bank.

Plaintiff brought this action against the United States in the district court for the District of New Mexico, seeking damages and injunctive relief stemming from the IRS' attempts to collect the 1989 withholding credits and the 1989 and 1990 tax deficiencies, penalties, and interest. Plaintiff made the following claims: (1) the IRS illegally seized plaintiff's funds while his case was pending in the Tax Court (counts 1 & 4); (2) the IRS violated the law by demanding payment less than ninety days after issuing a notice of deficiency (count 2); (3) the IRS illegally demanded payment of a court-ordered refund (count 3); (4) the IRS illegally demanded a greater sum from plaintiff than authorized by law (count 5); (5) the IRS improperly seized plaintiff's retirement funds (count 6); (6) the IRS illegally sought records from numerous third parties without notifying plaintiff (counts 7-11); and (7) the IRS failed to give plaintiff the required thirty-day notice of intent to levy before seizing his bank account (count 12). The district court dismissed for lack of jurisdiction plaintiff's claims

that the IRS demanded repayment of a court ordered refund (count 3) and failed to wait ninety days after the deficiency notice to demand payment (count 2); dismissed for failure to state a claim plaintiff's claims regarding lack of notice when seeking records from third parties (counts 7-11); and granted summary judgment on plaintiff's remaining claims (counts 1, 4, 5, 6 & 12). This appeal followed.

We review de novo the dismissal of plaintiff's claims for failure to state a claim and for lack of subject matter jurisdiction due to the statute of limitations. See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999); Dahn v. United States, 127 F.3d 1249, 1252 (10th Cir. 1997). We also review the grant of summary judgment de novo, applying the same standard as that applied by the district court. See Charter Canyon Treatment Ctr. v. Pool Co., 153 F.3d 1132, 1135 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, we view the facts and reasonable inferences therefrom in a light most favorable to the nonmoving party. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

Statute of Limitations — Counts 2 & 3

Section 7433(a) of title 26, known as the Taxpayer's Bill of Rights, authorizes a taxpayer to seek damages for the IRS' alleged disregard of a tax law or regulation in collecting a tax. This statute, which waives the United States' sovereign immunity, requires the taxpayer to bring suit within two years after the right of action accrues. See § 7433(d)(3). Because the "time-bar qualifies a waiver of sovereign immunity," it is jurisdictional in nature. Dahn, 127 F.3d at 1252. Here, the district court dismissed counts 2 and 3 for lack of jurisdiction based on the two-year statute of limitations. In addition, the district court dismissed count 3 on the ground that the IRS' demand for repayment of the $33,812 was not, as a matter of law, a demand for repayment of a court ordered refund. We conclude the district court did not err in dismissing these claims.

Plaintiff's count 2 was clearly time-barred, as it was based on actions taken in February and March 1993. There is no merit to plaintiff's arguments that the limitations period was tolled by the case pending in Tax Court, or that the later levy served to start the clock running again.

Count 3 was properly dismissed for several reasons. First, the claim was untimely, as the limitations period began to run when repayment of the $33,812 withholding credit was first demanded in 1993, that is, when the cause of action first accrued. Second, after reading the Ninth Circuit decision, it is clear that the

$33,812 payment was not a "court ordered refund" for the years 1975, 1977, 1978, 1979, and 1981.  Although the Ninth Circuit held that *if* the $33,812 payment was a refund *as alleged by plaintiff*, it would render his refund claims moot, the court never determined whether the payment was actually a refund or whether plaintiff's refund claims were meritorious.  See Overton, 1993 WL 285888 at **1.  Finally, even accepting as true plaintiff's characterization of the $33,812 as a court ordered refund, plaintiff failed to state a claim because the statute allegedly violated by the IRS, 26 U.S.C. § 7214(a)(2), applies only when an IRS official demands an unauthorized amount "for the performance of any duty," which has not been alleged here.

Failure to State a Claim — Counts 7 through 11

The district court dismissed counts 7 through 11 for failure to state a claim because the notice requirements of 26 U.S.C. § 7609(a)(1) do not apply to summonses aiding collection of a tax liability that has been assessed or reduced to judgment, as clearly stated in § 7609(c)(2)(D)(i).  Plaintiff now argues the summonses in this case were illegal because the Tax Court lacked jurisdiction to adjudge his tax liability while an appeal of the court's jury trial ruling was pending in the United States Supreme Court.

The district court correctly dismissed these counts.  Although plaintiff baldly asserts he had an appeal pending in the Supreme Court when the Tax Court

-7-

issued its 1996 decision, he has not directed our attention to evidence of this appeal. Nor does our independent research reveal any such case pending before the Supreme Court. The only record evidence shows that the Fifth Circuit dismissed plaintiff's appeal on April 20, 1994. On this basis, the Tax Court had jurisdiction to reduce plaintiff's tax liability to judgment, and thus no notice was required when the summonses were sent to various banks in aid of collection.

Summary Judgment — Counts 1, 4, 5, 6, and 12

Counts 1 and 4 alleged that the IRS violated 26 U.S.C. § 6213(a) by seizing plaintiff's assets while his tax case was still pending. Plaintiff again argues that he had an appeal pending before the Supreme Court when his assets were seized. Because plaintiff has not demonstrated the existence of a genuine dispute regarding the pendency of his tax case before the Supreme Court, we conclude the district court correctly granted summary judgment on these claims.

Count 5 alleged the IRS violated 26 U.S.C. § 7214(a)(2) by demanding a greater sum than that authorized by law. The district court concluded that the IRS demanded only those sums that were owed--the erroneous withholding credits, plaintiff's tax deficiencies for 1989 and 1990, assorted penalties, and interest on these amounts--and thus summary judgment was appropriate. While we agree that plaintiff's evidence did not raise a factual dispute as to the totals demanded, we conclude his claim has a more basic infirmity in that § 7214(a)(2) is only violated

-8-

when an IRS official demands an unauthorized sum "for the performance of any duty." Because no such claim was made, count 5 failed as a matter of law.

Count 6 alleged the IRS improperly seized plaintiff's retirement account from the Advanta National Bank. The district court granted summary judgment on this claim because plaintiff failed to show that such funds were actually seized from the Advanta National Bank, and even if they were, seizure of a retirement account was not prohibited. On appeal, plaintiff argues that the mere attempt to seize such funds was improper, and that the law allows an exception for retirement funds where seizure would work a hardship on retirees.

The IRS' internal policy of refraining from seizing retirement funds does not provide a basis for plaintiff's claim. Section 7433 authorizes a civil action only when the IRS disregards a statute or regulation in collecting taxes. Here, even assuming a mere attempt to seize plaintiff's retirement funds would implicate § 7433, plaintiff has not shown that seizure of a retirement account violates a tax statute or regulation. In fact, as a matter of law, retirement funds are not exempt from levy. See 26 U.S.C. § 6334(a), (c). Summary judgment was appropriate, therefore, on count 6.

Summary judgment also was proper on count 12. The district court granted judgment on this claim based on uncontradicted evidence that plaintiff had been notified of the impending levy on three occasions, by a Final Notice of Intent to

Levy sent on May 6, 1998, a notice sent on August 12, 1996, and a notice sent on March 22, 1993. On appeal, plaintiff argues the thirty-day notice requirement was not met because a notice of levy was sent to the Advanta National Bank "on October 8, 1997 and notice was received from [the bank] on November 3, 1997 of the effect of the levy." Appellant's Br. at 13. The thirty-day notice period runs from the time the taxpayer is notified of the impending levy, however, not the bank. See 26 U.S.C. § 6331(d). Assuming plaintiff is arguing that the district court erred in relying on the 1998 seizure from the Safra National Bank instead of the 1997 attempted levy on funds from the Advanta National Bank, the result does not change, as the undisputed evidence shows plaintiff was given final notices of levy on August 12, 1996, and March 22, 1993. Summary judgment, therefore, was proper.

Plaintiff argues that the district court's resolution of his complaint violated his Seventh Amendment right to a jury trial. It has long been held that the Seventh Amendment is not violated by a summary judgment or dismissal of a complaint on legal grounds because such rulings mean that no triable issue exists to be submitted to a jury. See Fidelity & Deposit Co. v. United States ex. rel. Smoot, 187 U.S. 315, 319-20 (1902) (summary judgment); Smith v. Kitchen, 156 F.3d 1025, 1029 (10th Cir. 1997) (dismissal of complaint). Because

plaintiff's claims were properly dismissed on these legal grounds, he was not deprived of any constitutional right to a jury trial.

Finally, plaintiff argues the district court was so biased in favor of defendant that it violated the separation of powers by becoming defendant's attorney. Other than his conclusory allegations, however, plaintiff has not presented any actual evidence of court bias. The mere fact that the district court disagreed with plaintiff's arguments and ruled against him does not establish bias. See Christensen v. Ward , 916 F.2d 1462, 1466 (10th Cir. 1990). We will not address plaintiff's argument that the IRS was precluded from auditing him for two consecutive years as this was not raised to the district court. See Crow v. Shalala , 40 F.3d 323, 324 (10th Cir. 1994).

Plaintiff's first, second, third, and fourth motions for sanctions are DENIED as lacking merit. The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge

-11-