**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILL MAX OVERTON,

     Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE,
Carlos Sanchez, in his official capacity
as revenue agent,

     Defendant-Appellee.

No. 00-2289
(D.C. No. CIV-99-585)
(D. New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

On May 25, 1999, Mr. Bill Max Overton filed a complaint in district court

seeking damages from Mr. Carlos Sanchez, an agent of the Internal Revenue

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Service for allegedly improper actions taken by Mr. Sanchez, in his official capacity as an IRS revenue officer, to collect taxes owed by Mr. Overton. The district court granted Mr. Sanchez's motion to dismiss. On August 9, 2000, Mr. Overton filed a notice of appeal from the order of dismissal. That appeal was first dismissed, then on motion for rehearing, reinstated. *See* Order of March 28, 2001. By Order of April 17, 2001, this court allowed briefing to proceed, overlooking the fact that Mr. Overton had neither paid a filing fee nor filed an application seeking to proceed without payment of the fee.

Proceedings in the federal courts are not without costs. In the event a party is unable to afford the fees assessed for various actions in the courts, however, that party may file a motion to proceed in forma pauperis. FED.R.APP.P. 24(a)(5); 10TH CIR.R. 3.3(B)(3). Attached to such a motion must be an affidavit that shows in detail the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. FED.R.APP.P. 24(a)(1), (5). When Mr. Overton filed his notice of appeal, he failed to pay the prescribed fee. The Clerk of Court informed him of such in a letter dated September 20, 2000. Following reinstatement of the case, the Clerk of Court again informed Mr. Overton in a July 19, 2001 letter of his duty to either pay filing and docket fees or apply for leave to proceed on appeal without prepayment of fees. The Clerk provided Mr. Overton with a copy of the standard

-2-

form in the July 19 letter. *Id. See* FED.R.APP.P. 24(a)(5).

In response, Mr. Overton referred the Clerk to a motion for leave to proceed in forma pauperis filed with the court on October 3, 2000. In that motion, Mr. Overton contended that because he had been allowed to proceed in forma pauperis in a case in the Northern District of California, he should be allowed to so proceed in this case. He is incorrect. In forma pauperis status must be established in each case, a fact Mr. Overton should be well aware of considering that he has brought dozens of actions in the federal courts. People's financial situations change, and the in forma pauperis motion and affidavits are intended to garner such facts at the time the motion is made.

In short, Mr. Overton never filed the required affidavit and thus failed to comply with federal and circuit rules. Pursuant to 10th Circuit Rule 3.3(B), therefore, the captioned appeal is hereby **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge