Bill Max OVERTON, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

Bill Max Overton, Plaintiff–Appellant,

v.

United States of America; Internal Revenue Service; Edythe Siekman; East District WA U.S. Attorney; United States Fidelity and Guaranty Company; Carol Whalen; V. Willis, Defendants–Appellees.

Bill Max Overton, Plaintiff–Appellant,

v.

United States of America; Carlos Sanchez, Defendants–Appellees.

Nos. 01–6357, 01–6441, 01–6443.

United States Court of Appeals, Tenth Circuit.

Oct. 4, 2002.

Bill Max Overton, Midland, TX, for Plaintiff–Appellant.

David English Carmack, Curtis C. Pett, Washington, DC, for Defendant–Appellee.

Before MURPHY, ANDERSON, and HARTZ, Circuit Judges.

## ORDER AND JUDGMENT*

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiff Bill Max Overton, appearing *pro se*, appeals the district court's judgments in favor of defendants in three related lawsuits. Because the district court correctly held that it lacked jurisdiction over one of plaintiff's claims; that defendants were entitled to summary judgment on the merits of two other claims; and that the remaining claims were barred by the doctrine of res judicata, we affirm. In addition, we caution plaintiff that his pattern of abusing the federal legal system through repetitious lawsuits may subject him to filing restrictions.

### I. Plaintiff's Prior Cases

These appeals require us to consider a number of plaintiff's many lawsuits against the United States, its employees, and financial institutions, arising out of the assessment and collection of plaintiff's past tax liabilities. In 1983, plaintiff filed an action against the United States and several agents of the Internal Revenue Service (IRS) in the United States District Court for the Eastern District of Washington. Alleging that the IRS erred in determining his tax liability for the years 1975, 1977, 1978, 1979, and 1981, plaintiff sought a refund of his alleged overpayments, an injunction against future assessments and liens, a declaration that the IRS had erred, and damages. The case remained pending in the district court for many years while the parties engaged in extensive discovery, litigated numerous motions, and participated in an aborted jury trial. In May 1988, the IRS placed a lien on one of plaintiff's properties in New Mexico.

In 1990, plaintiff filed a tax return for the year 1989 in which he claimed a tax liability of $0, and withholding credits in the amount of $33,812. On this basis, the IRS issued a $33,812 payment to plaintiff. Plaintiff then filed a motion for summary judgment in the Eastern District of Washington case, claiming the IRS had acknowledged its error and issued a refund of the disputed amounts plus interest. Based on plaintiff's representation, the district court dismissed the lawsuit as moot. The Ninth Circuit affirmed in part, agreeing that a refund would moot plaintiff's refund claims, but holding that the damage claims would remain viable. *See Overton v. United States*, No. 90–35686, 1993 WL 285888, at *1 (9th Cir. July 29, 1993). The court noted that if the IRS attempted to revoke the alleged refund, plaintiff would be entitled to seek judicial review at that time. *Id.* In March 1994, the Eastern District of Washington court dismissed plaintiff's damage claims against the individual IRS agents for failure to state a claim.

In early 1993 the IRS concluded plaintiff was not entitled to the $33,812 in withholding credits he had claimed on his 1989 tax return, and demanded repayment of the credited amount with interest. The IRS also reexamined plaintiff's tax liability for 1989 and 1990 and determined that he

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

owed additional taxes, penalties, and interest for those years. The IRS found that plaintiff owed an additional $30,519 in taxes and $14,392 in penalties for 1989, and an additional $11,561 in taxes and $2,890 in penalties for 1990.

Plaintiff challenged these determinations in the United States Tax Court in 1993. At some point during the pendency of the case, the Tax Court denied plaintiff's motion for a jury trial, and he appealed the denial to the Fifth Circuit Court of Appeals. The Fifth Circuit dismissed plaintiff's appeal on April 20, 1994. On February 14, 1996, the Tax Court dismissed plaintiff's petition for failure to prosecute and entered an order confirming that plaintiff owed the additional taxes and penalties described above for the years 1989 and 1990. On July 1, 1996, the IRS assessed the taxes and penalties determined by the Tax Court, with interest, and issued its demand for payment. On May 6, 1998, the IRS issued a notice of its intent to levy, and on June 11, 1998, it sent notices of levy to nine banks. On August 10, 1998, the IRS received $99,411.85 from plaintiff's retirement account at Safra National Bank. On September 18, 1998, the IRS placed another lien on plaintiff's real property in New Mexico.

On August 21, 1998, plaintiff brought an action against the United States in the district court for the District of New Mexico, seeking damages and injunctive relief stemming from the IRS' attempts to collect the 1989 withholding credits and the 1989 and 1990 tax deficiencies, penalties, and interest. In CIV–98–1012–JP, plaintiff made the following claims: (1) the IRS illegally seized plaintiff's funds while his case was pending in the Tax Court; (2) the IRS violated the law by demanding payment less than ninety days after issuing a notice of deficiency; (3) the IRS illegally demanded payment of a court-ordered refund; (4) the IRS illegally demanded a greater sum from plaintiff than authorized by law; (5) the IRS improperly seized plaintiff's retirement funds; (6) the IRS illegally sought records from third-party banks without notifying plaintiff; and (7) the IRS failed to give plaintiff the required thirty-day notice of intent to levy before seizing his bank account. On February 10, 1999, the district court dismissed some of plaintiff's claims and granted summary judgment in favor of defendants on the remaining claims.

In *Overton v. United States,* No. 99–2069, 2000 WL 14274 (10th Cir. Jan. 7, 2000), we affirmed the district court's judgment. After carefully considering each of plaintiff's claims, we held that (1) the district court lacked jurisdiction, based on the statute of limitations, over plaintiff's claims that the IRS sought repayment of a court ordered-refund and that it failed to wait the required period before demanding payment; (2) plaintiff's claims that he was not notified when the IRS sought financial records from third parties failed to state a claim; and (3) the district court was correct in granting summary judgment in favor of the United States on plaintiff's remaining claims.

Meanwhile, on May 25, 1999, plaintiff filed another lawsuit in the District of New Mexico regarding the assessment and collection of his 1989 and 1990 taxes. In that action, plaintiff sought damages from IRS Revenue Officer Carlos Sanchez. The district court dismissed the suit because individual IRS agents are not subject to damages actions for their conduct in assessing and collecting taxes. *Overton v. Sanchez,* No. CIV–99–0585–BB/RLP (D.N.M. Apr. 11, 2000) (attached to Aplee. Br. in No. 01–6443). On December 12, 2001, we dismissed plaintiff's appeal for failure to pay the filing fee or apply for *in forma pauperis* status. *See Overton v. IRS,* No. 00–

2289, 2001 WL 1580910, 23 Fed.Appx. 962 (10th Cir. Dec. 12, 2001).

Also in 1999, plaintiff filed an action against the Safra National Bank in the Southern District of New York, challenging the bank's conduct in honoring the IRS' levy. The district court granted judgment in favor of the bank, and the Second Circuit affirmed the judgment. *See Overton v. Safra Nat'l Bank*, No. 99–9513, 2000 WL 1552323 (2nd Cir. Oct. 17, 2000).

## II. Plaintiff's Current Cases

### Appeal No. 01–6357

On October 1, 1999, plaintiff filed case No. CIV–99–1518–L against the United States, this time in the Western District of Oklahoma. Plaintiff again challenged the assessment and collection of his 1989 and 1990 taxes, alleging that (1) the 1998 collection from Safra National Bank was illegal because his case was still pending in the Tax Court and because retirement funds are exempt from collection; (2) the 1993 demand was illegal because it was made less than ninety days after the notice of deficiency and because it involved a court-ordered refund; (3) an unidentified revenue officer illegally demanded more taxes than allowed by law; (4) the 1998 requests for records from eight third-party banks were illegal because plaintiff was not given notice; (5) plaintiff was not given a thirty-day notice of intent to levy before his bank account was seized; (6) the IRS illegally filed a lien on plaintiff's New Mexico property in 1998 and then failed to release the lien; (7) the IRS illegally failed to release a 1988 lien on plaintiff's New Mexico property; and (8) he was due a $562.93 refund on his 1997 taxes.

Plaintiff also submitted numerous computer disks to the district court. Plaintiff attempted to use these disks both as discovery requests to defendants and as substantive evidence in support of his claims. The district court denied plaintiff's motions to compel discovery for failure to comply with the discovery rules, and struck the computer disks from the record because they contained unverified and unauthenticated information, and were not an acceptable form of evidence.

The district court granted judgment in favor of the United States, holding that it lacked jurisdiction over plaintiff's claim for a 1997 refund; that counts one through fifteen were barred by the doctrine of res judicata; and that plaintiff had not raised triable issues regarding the imposition of the liens on his property or the IRS' failure to release the liens. *See Overton v. United States*, No. CIV–99–1518–L, 2001 WL 1399379 (W.D.Okla. Sept. 14, 2001). Plaintiff appeals these rulings.

### Appeal No. 01–6443

On May 26, 2000, plaintiff filed another lawsuit in the Western District of Oklahoma against the United States and IRS Agent Carlos Sanchez. In case No. CIV–00–973–L, plaintiff again challenged the assessment and collection of his 1989 and 1990 taxes, alleging that (1) the seizure of his retirement funds from the Safra National Bank was illegal because he did not owe the 1989 and 1990 tax amounts assessed against him, and it was collected while his case was still pending in the Tax Court; (2) the IRS' 1993 demand was illegal and violated plaintiff's due process rights; (3) defendants violated the law by failing to wait ninety days between the 1993 notice of deficiency and the demand for payment; (4) defendants illegally seized a court-ordered refund; (5) defendants demanded more than authorized by law and illegally seized plaintiff's retirement funds; (6) defendants illegally sought records from eight banks in 1998 without notifying plaintiff; (7) defendants improp-

erly placed a lien on plaintiff's property in 1998; (8) defendants have attempted to recover a refund after the statute of limitations expired; (9) the IRS improperly audited plaintiff in two consecutive years; and (10) the assessment and collection of plaintiff's 1989 and 1990 taxes violated his Fourth and Fifth Amendment rights. Plaintiff again presented to the court numerous computer disks which he sought to use for discovery purposes. The district court struck the disks as not complying with discovery rules. On September 18, 2001, the district court dismissed all claims based on the doctrine of res judicata. Plaintiff appeals these rulings.

### Appeal No. 01–6441

On June 12, 2000, plaintiff filed a motion to reopen his Eastern District of Washington case and to transfer venue to the Western District of Oklahoma. The motion was granted, and on July 17, 2000, this case was docketed as No. 00–CIV–1266–L. Again, plaintiff argued that the IRS' 1998 seizure of his funds from the Safra National Bank was illegal because it was a seizure of a court-ordered refund. On September 18, 2001, the district court granted summary judgment in favor of defendants on the ground that there was no evidence to support plaintiff's claim that the seized funds constituted a "refund" resulting from the Eastern District of Washington case; that the court was not required to comb through the record to find evidentiary support for his claims; and that his challenge to the legality of the seizure was barred by the doctrine of res judicata. *See Overton v. United States*, No. CIV–00–1266–L, 2001 WL 1346668 (W.D.Okla. Sept. 18, 2001). On November 30, 2001, the district court denied plaintiff's motion for reconsideration and motion for recusal. Plaintiff appeals these rulings.

### III. Analysis

We review *de novo* the dismissal of plaintiff's refund claim for lack of subject matter jurisdiction. *Angle v. United States*, 996 F.2d 252, 253 (10th Cir.1993). We also review *de novo* the district court's application of res judicata to the facts, viewed in the light most favorable to the nonmoving party. *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir.2000). The district court's discovery and evidentiary rulings are reviewed for an abuse of discretion, as are its rulings regarding recusal. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir.2002) (recusal); *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir.1999) (discovery rulings); *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 894 (10th Cir.1997) (evidentiary rulings at summary judgment stage). Finally, we review a grant of summary judgment *de novo*, using the same standard as that used by the district court. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir.1998).

■ In case No. CIV–99–1518–L, the district court correctly held that it lacked subject matter jurisdiction over plaintiff's claim for a refund of his 1997 taxes. Pursuant to 26 U.S.C. § 7422(a), courts lack jurisdiction over tax refund claims unless the taxpayer has paid the challenged amount and filed an administrative claim that complies with the Secretary of the Treasury's implementing regulations. *Angle*, 996 F.2d at 253–54. Here, plaintiff's alleged refund claim was not "verified by a written declaration that it [was] made under the penalties of perjury," and thus it could not "be considered for any purpose as a claim for refund." 26 C.F.R. § 301.6402–2(b)(1).

■ With regard to plaintiff's challenges to the liens placed on his New

Mexico property in September 1998 and May 1988, we agree with the district court that plaintiff failed to submit admissible evidence raising a genuine issue of material fact. The district court did not abuse its discretion in rejecting plaintiff's conclusory statements and unauthenticated "evidence" as to these claims. Therefore, the district court correctly granted summary judgment in favor of defendants on these claims.

■ In all three of plaintiff's cases, we hold that the district court did not err in denying plaintiff's motions to recuse. The mere fact that the district court disagreed with plaintiff's arguments and ruled against him does not establish bias. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *United States v. Cooley*, 1 F.3d 985, 993–94 (10th Cir.1993). On appeal, plaintiff has not demonstrated that the district court judge was biased or that the proceedings were unfair in any way.

■ Most importantly, in all three of plaintiff's cases, we agree with the district court that the majority of plaintiff's claims were barred by the doctrine of res judicata. Res judicata requires that a plaintiff present all claims arising out of a transaction in a single suit. The doctrine applies to preclude a subsequent suit when the following requirements are met:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

*Plotner*, 224 F.3d at 1168 (quotation omitted). The doctrine precludes not only the relitigation of claims that were actually raised in a prior action, but also all claims arising out of the transaction which could and should have been raised in that action.

*Id.* at 1169–70. A party cannot circumvent the bar of res judicata by asserting a new legal theory or by seeking a different remedy. *Id.* at 1170.

■ Here, the transactions involved in plaintiff's prior suits were (1) the nature of the IRS' 1990 payment of $33,812 to plaintiff; (2) the IRS' 1993 determination that plaintiff was not entitled to the withholding credits he claimed and received for the year 1989; (3) the IRS' determination of plaintiff's unpaid taxes, interest, and penalties for the 1989 and 1990 tax years; (4) the Tax Court's final judgment that plaintiff owed the assessed amounts; (5) the IRS' efforts to obtain the overpaid withholding credits and plaintiff's 1989 and 1990 tax liabilities, from 1993 through the August 1998 collection of funds from the Safra National Bank, including the 1998 requests for records from third-party financial institutions; and (6) IRS Agent Sanchez' personal liability for the above-listed occurrences.

Claims arising from these transactions were considered on their merits in *Overton v. Safra Nat'l Bank*, No. 99–9513, 2000 WL 1552323 (2nd Cir. Oct. 17, 2000); *Overton v. United States*, No. 99–2069, 2000 WL 14274 (10th Cir. Jan. 7, 2000); and *Overton v. Sanchez*, No. CIV–99–0585–BB/RLP (D.N.M. Apr. 11, 2000) (attached to Aplee. Br. in No. 01–6443), *appeal dismissed*, *Overton v. IRS*, No. 00–2289, 2001 WL 1580910 (10th Cir. Dec. 12, 2001). In addition, claims arising from the above-listed transactions were dismissed on their merits in an action filed by plaintiff after the lawsuits currently on appeal. *See Overton v. United States*, No. 02–6117, 2002 WL 1938599 (10th Cir. Aug. 22, 2002) (affirming dismissal of action seeking damages for IRS' failure to notify plaintiff before requesting financial records and for

302

allegedly excessive assessment of 1989 taxes).

The claims currently on appeal arose out of the same transactions. The current defendants were defendants in plaintiff's prior suits. Finally, plaintiff has had a full and fair opportunity to litigate his claims in his prior actions; he simply lost on the merits. Therefore, the district court was correct in holding that all claims arising out of the transactions listed above were barred by the doctrine of res judicata. The fact that plaintiff's current lawsuits might involve new theories or perceived injustices does not change this outcome; he was required to bring these claims in his prior actions and is now precluded from doing so. Further, because the propriety of the 1988 and 1998 liens on his New Mexico property have now been determined on their merits, plaintiff may not challenge them again in a new action against any of the named parties or their privies.

## IV. Filing Restrictions

■ Plaintiff's many lawsuits regarding the assessment and collection of his 1989 and 1990 taxes are an abuse of the federal judicial system.[1] Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. *See Judd v. Univ. of N.M.,* 204 F.3d 1041, 1043–45 (10th Cir. 2000); *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir.1989). Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an op-

portunity to oppose the court's order before it is implemented. *See id.* at 353–54. Because plaintiff's repetitive filings must come to an end, we warn him that any additional frivolous and repetitious filings may result in the imposition of filing restrictions.

The judgments of the United States District Courts for the Western District of Oklahoma are AFFIRMED. The mandate shall issue forthwith.

---

1. In addition to the lawsuits discussed in this decision, plaintiff has sought damages and attorney fees stemming from his tax-related litigation between 1981 and 1996. *See Overton v. United States,* No. 98–2185, 1999 WL 13006 (10th Cir. Jan. 14, 1999).