T.C. Memo. 2003-317

UNITED STATES TAX COURT

JEFFREY K. RAMSDELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1694-03L.                    Filed November 17, 2003.

Jeffrey K. Ramsdell, pro se.

<u>Paul R. Zamolo</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on
respondent's Motion for Summary Judgment under Rule 121.[1]
Petitioner filed the petition in this case in response to a
Notice of Determination Concerning Collection Action(s) under

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Section 6330 (Notice of Determination).  The substantive issue to be decided is whether petitioner's 1992 and 1993 tax liabilities were discharged in bankruptcy.  For the reasons stated below, we grant respondent's motion.

## Background

The record shows and/or the parties do not dispute the following.[2]

Petitioner failed to file timely Federal income tax returns for 1992 and 1993.  He filed the returns for both years on August 5, 2001.

On August 2, 2001, 3 days before filing the 1992 and 1993 returns, petitioner filed for chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Northern District of California.  In his Schedule E, Creditors Holding Unsecured Priority Claims, petitioner listed his liability to respondent as $10,960[3] plus penalties and interest for the taxable years 1992, 1993, and 1994.[4]  On November 6, 2001, the bankruptcy court issued an order stating that petitioner "is/are granted a discharge under section 727 of Title 11, United States Code (the Bankruptcy Code)."

_____

[2] At the time he filed the petition, petitioner resided in Sausalito, California.

[3] All dollar amounts have been rounded to the nearest dollar.

[4] The taxable year 1994 is not at issue here.

Respondent assessed petitioner's tax liabilities for 1992 and 1993 on November 26 and October 1, 2001, respectively; the assessments amounted to $15,779 for 1992 and $6,092 for 1993.

On April 15, 2002, respondent sent petitioner Notices of Intent to Levy for 1992 and 1993. On May 30, 2002, petitioner sent respondent Form 12153, Request for a Collection Due Process Hearing, in which he contested the collection proceedings with respect to the years at issue and requested a section 6330 hearing (hearing). In his statement of reasons for disputing respondent's actions, petitioner asserted that his liabilities were discharged in the bankruptcy proceedings, and that "[t]he Service has for over 2 years constructive notice of my situation." On November 12, 2002, respondent held a telephonic hearing with petitioner.

On January 17, 2003, respondent sent petitioner a Notice of Determination, stating there was no record that petitioner's liabilities were discharged in bankruptcy and indicating respondent's intent to proceed with the levy with respect to the years at issue.[5]

Petitioner filed his amended petition contesting the Notice of Determination with this Court on February 26, 2003. In the

---

[5] The Notice of Determination stated, in the section captioned "Issues Raised by the Taxpayer" that "[y]ou contend that the liabilities at issue were discharged in bankruptcy, but there is no record of that."

petition, petitioner contended that his liabilities for 1992 and 1993 were discharged in the bankruptcy proceedings.

On July 25, 2003, respondent filed a Motion for Summary Judgment arguing that petitioner's tax obligations for 1992 and 1993 were precluded from discharge under the Bankruptcy Code.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See, e.g., FPL Group, Inc. v. Commissioner, 116 T.C. 73, 74 (2001). A motion for summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002). While the moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law, see, e.g., Rauenhorst v. Commissioner, 119 T.C. 157, 162 (2002), the opposing party must show specific facts exhibiting a genuine issue for trial, see Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

Where the validity of the underlying liability is not at issue, the Court will review the administrative determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610

(2000); Goza v. Commissioner, 114 T.C. 176, 181-183 (2000).  In this case, respondent's determination regarding whether petitioner's unpaid liabilities were discharged in bankruptcy requires the interpretation of bankruptcy law.  If respondent's determination was based on erroneous views of the law and petitioner's unpaid liabilities were discharged in bankruptcy, then we must reject respondent's view and find that there was an abuse of discretion.  See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990);  Swanson v. Commissioner, 121 T.C. 111, 119 (2003).

Respondent argues that petitioner's tax liabilities were not discharged in the bankruptcy proceedings because they are precluded from discharge under section 523(a)(1)(B)(ii) of the Bankruptcy Code.  Petitioner, on the other hand, contends that the liabilities were discharged.

As a preliminary matter, we note that we have jurisdiction to decide whether a tax liability for which collection is at issue in a section 6330(d)(1) proceeding has been discharged in bankruptcy.  See Swanson v. Commissioner, supra; Washington v. Commissioner, 120 T.C. 114, 120-121 (2003).

Section 523(a)[6] of the Bankruptcy Code excludes from a

_____

[6] Sec. 523(a) of the Bankruptcy Code, 11 U.S.C. sec. 523(a) (2000), provides, in pertinent part, as follows:

    SEC. 523.  EXCEPTIONS TO DISCHARGE.
                                              (continued...)

discharge under section 727 of the Bankruptcy Code tax liabilities with respect to which: (1) A return was not filed, or (2) a return was filed after its allowed due date and after the commencement of the 2-year period immediately preceding the filing date of a bankruptcy petition.

Respondent argues that because petitioner filed his Federal tax returns on August 5, 2001, which is both after their original due dates and after August 3, 1999 (the commencement of the 2 years prior to the filing of the bankruptcy petition), the discharge of these liabilities is disallowed by section 523(a) of the Bankruptcy Code.

In his petition, petitioner does not dispute that the filing of an overdue return after the commencement of the 2-year period would preclude discharge of his tax liabilities. Rather, petitioner argues that respondent was aware of his tax

---

[6](...continued)
(a) A discharge under section 727 * * * of this title does not discharge an individual debtor from any debt--

(1) for a tax or a customs duty--

* * * * * * *

(B) with respect to which a return, if required--

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; * * *.

liabilities for the years in question and assessed them prior to
2001.[7]  Specifically, petitioner seems to claim that respondent
had filed substitute-for-returns (SFRs) on behalf of petitioner
for the years 1992 and 1993, long before the commencement of the
2-year period preceding the filing of the bankruptcy petition.
The dates on which those SFRs were made, according to petitioner,
are the relevant reference dates in the determination of when the
returns were filed for purposes of section 523 of the Bankruptcy
Code.[8]

    To avoid the application of section 523(a)(1)(B)(ii) of the
Bankruptcy Code, a taxpayer must file a "return" prior to the
commencement of the 2-year period preceding the filing of the
bankruptcy petition.  See 11 U.S.C. sec. 523(a)(1)(B)(ii).  We
have recently held that SFRs do not constitute returns for
purposes of section 523(a)(1)(B) of the Bankruptcy Code unless
signed by the taxpayer.  See Swanson v. Commissioner, supra at

---

[7] In his motion for summary judgment, respondent fails to
respond to petitioner's argument.  It appears that respondent is
convinced that we may not review these issues since, he argues,
they were not raised in the sec. 6330 hearing.  See, e.g., Magana
v. Commissioner, 118 T.C. 488 (2002).  Contrary to respondent's
contention, however, it appears that petitioner did raise the
issue of prior notice in the request for a collection due process
hearing.  Accordingly, we find that this matter is properly
before us.

[8] Petitioner states in his amended petition that "the IRS
had in fact knowledge and assessment data for the 1992 [and 1993]
tax [years], as evidenced by a subsequent (1994) tax year 'Notice
of Levy * * *' dated 08.16.98." (Emphasis omitted.)

123-124.  There is no support in the record for petitioner's allegations that SFRs were ever filed, nor is there support for his allegation that assessments were made for 1992 and 1993 prior to 2001.[9]  In any event, even if we were to believe petitioner's contentions that such SFRs were filed, petitioner has not alleged nor offered any evidence showing that he ever signed SFRs for the years in question.  Accordingly, petitioner has raised no genuine issue of material fact, and, therefore, this case is ripe for summary judgment.

---

[9]Petitioner's claim that respondent had assessed his 1992 and 1993 liabilities prior to 2001 seems to be based, in its entirety, on a Form 668-W(c), Notice of Levy on Wages, Salary, and Other Income, (Notice of Levy) for the tax period ending Dec. 31, 1994, that respondent issued petitioner on Sept. 8, 1998. The Notice of Levy clearly indicates, however, that the unpaid tax liabilities levied upon are those solely attributable to 1994.  As such, the Notice of Levy does not pertain to 1992 or 1993 and thus does not provide any basis for petitioner's contention that his tax liabilities for those years were assessed prior to 2001.

Further, the Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, submitted by respondent with his motion for summary judgment, reflect that no assessment for 1992 and 1993 had been made prior to 2001, and do not indicate that any collection proceedings have been previously instituted for those years.  Form 4340 identifies relevant assessments, payments, and other specified matters that appear in the official record of the IRS with respect to a taxpayer.  For purposes of summary judgment, a Form 4340 is presumptive proof of the validity of the information contained therein, absent contrary evidence.  See Overton v. United States, 2001-2 USTC par. 50,728, 88 AFTR 2d 6572 (W.D. Okla. 2001), affd. 48 Fed. Appx. 295 (10th Cir. 2002); see also Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992) (stating that Forms 4340 "are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that notices and assessments were properly made").

We conclude that, because petitioner's late filings of the 1992 and 1993 Federal tax returns took place after the commencement of the 2-year period preceding the filing of the bankruptcy petition, petitioner's tax liabilities for those years were not discharged in the bankruptcy proceedings. See 11 U.S.C. sec. 523(a)(1)(B)(ii).[10] Accordingly, the Appeals officer correctly determined that respondent could proceed with collection. We shall therefore grant respondent's motion for summary judgment.

To reflect the foregoing,

An appropriate order
and decision will be entered.

---

[10] None of the cases we have found dealing with 11 U.S.C. sec. 523(a)(1)(B)(ii) has addressed a situation where the return was filed late and after the bankruptcy petition date. The plain language of the section, however, as well as its legislative history support that sec. 523(a)(1)(B)(ii) is not limited to late returns filed within the 2-year period preceding the petition, but also includes late returns filed after the petition date. See S. Rept. 95-989, at 78 (1978) ("The late return rule applies * * * to late returns filed after the petition in Title 11 was filed").