CITY OF PHILADELPHIA

v.

**James CARPINO, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 2006.

Decided Dec. 27, 2006.

Thomas F. Grady, Philadelphia, for appellant.

Marissa O'Connell, Deputy City Solicitor, Philadelphia, for appellee.

BEFORE: SIMPSON, Judge, and LEAVITT, Judge and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

James Carpino appeals the summary judgment granted to the City of Philadelphia by the Court of Common Pleas of Philadelphia County (trial court) after reconsideration of the trial court's initial denial of the City's motion for summary judgment. The trial court ordered Carpino to pay the City certain unpaid taxes even though these taxes had been identified as unsecured debts in Carpino's Chapter 7 bankruptcy petition, which petition was granted. Finding no error in the trial court's conclusion that the taxes were debts that were exempt from discharge under the Bankruptcy Code, we affirm.

The facts in this matter are not contested. On September 20, 2004, the City initiated litigation against Carpino to collect (1) unpaid Business Privilege Taxes for tax years 1997 through 2000 and (2) unpaid Net Profits Taxes for years 1996 through 2000. The amount owing, including interest and penalties, totaled $188,264.35 as of September 30, 2004. Carpino filed an answer admitting that he had not paid the taxes in question and that he had not appealed the taxes to the Tax Review Board. However, in new matter, Carpino asserted that because he had listed the City as a creditor and the taxes in question as debts in his bankruptcy petition, the taxes were included in the discharge granted by the bankruptcy court on De-

cember 19, 2000. The City, Carpino asserted, should have sought payment of these unpaid taxes by filing a proof of claim in the bankruptcy proceeding. Because it had failed to file a proof of claim, the City was barred from collecting these taxes in post-discharge litigation. In its reply to Carpino's new matter, the City asserted that as a matter of statutory law, *i.e.*, the Bankruptcy Code, the taxes were not dischargeable and, thus, the City's failure to file a proof of claim was of no moment.

Thereafter, the City filed a motion for summary judgment. In support, the City asserted that there were no facts in dispute because Carpino admitted he never paid the taxes in question. Further, the City asserted that as a matter of bankruptcy law, taxes owed to the City were not discharged because the Bankruptcy Code treats tax debts differently from other debts. Specifically, the Bankruptcy Code provides a three year "look back" from the date of the filing of a petition and any taxes that come due during the look back period are excepted from a discharge in bankruptcy. The taxes the City sought to collect in its collection action fell within the three year look back period.

Carpino responded to the motion for summary judgment in two ways. First, he asserted that there was an issue of fact as to the amount due. Second, he argued that the tax debts were discharged because the City had failed to contest the dischargeability of the taxes in the bankruptcy court. The trial court denied summary judgment on October 14, 2005, and its order was docketed on October 20, 2005.

On November 15, 2005, the City filed a motion for reconsideration. The City argued that the relevant Bankruptcy Code provisions, even those cited by Carpino, supported judgment in the City's favor. Carpino responded that the City's motion for reconsideration was untimely under Pennsylvania Rule of Civil Procedure 227.1 because it was not filed within ten days of October 14, 2005, the date of the trial court's order denying summary judgment. Carpino also incorporated by reference his earlier response to the City's summary judgment motion.

On December 8, 2005, the trial court granted the City's motion for reconsideration and entered judgment in favor of the City. The trial court held that the City's motion for reconsideration was not governed by PA. R.C.P. No. 227.1 (which deals with post-trial motions) and that Carpino erred in his understanding of the Bankruptcy Code. Carpino then filed the instant appeal with this Court.[1]

On appeal, Carpino raises two issues.[2] First, Carpino contends that the trial court erred in holding that his obligation to pay the business privilege and net profits taxes in question was not discharged by the filing of his bankruptcy petition on January 20, 2000. Second, Carpino contends that the trial court erred in granting summary judgment because the City's reconsideration motion was untimely filed. We consider these issues *seriatim.*

■ We begin with the principal issue on appeal, namely, whether the City's ac-

1. The scope of review from the granting of a motion for summary judgment is plenary; the standard of review is whether the trial court committed an error of law or abused its discretion. *Borough of Riegelsville v. Miller*, 162 Pa.Cmwlth. 654, 639 A.2d 1258, 1261 (1994).

2. Two of Carpino's listed issues have been consolidated for purposes of this opinion because they restate the same question, *i.e.*, whether the Bankruptcy Code excepted from discharge the taxes sought to be collected by the City.

tion to collect Carpino's unpaid taxes has been barred by the discharge granted by the bankruptcy court on December 19, 2000. Because the business privilege and net profits taxes for the years 1997 through 2000 were identified in schedule E of his bankruptcy petition, Carpino contends that they were discharged on December 19, 2000. Although Carpino acknowledges that some taxes are exempted from discharge as a general proposition, he contends that there is a genuine issue of fact on whether the particular taxes raised in the City's complaint were exempted. The City responds that under the Bankruptcy Code, the taxes in question are exempted from discharge and on the facts relevant to this legal question, there is no dispute.

We begin with a review of the relevant provisions of the Bankruptcy Code. Section 523 establishes that debtors seeking bankruptcy protection will not be excused from paying certain tax debts. Section 523(a)(1) states, in relevant part, as follows:

(a) *A discharge under . . . this title does not discharge* an individual debtor from any debt—

(1) for *a tax* or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title *whether or not a claim for such tax was filed or allowed:*

(B) with respect to which a return, or equivalent report or notice, if required—

(i) was not filed or given; or

(ii) *was filed* or *given after the date on which such return, report, or notice*

*was last due,* under applicable law or under any extension, and *after two years before the date of the filing of the petition;*

11 U.S.C. § 523(a)(1) (emphasis added). Section 507, to which Section 523 refers, excepts certain unsecured tax claims from discharge. Specifically, Section 507(a)(8) excepts allowed unsecured claims of governmental units, to the extent these claims are for

(A) A tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—

(i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

11 U.S.C. § 507(a)(8)(A)(i).

Although presented in a convoluted fashion, Section 523 does two things. First, as explained by the United States Supreme Court

a discharge under [Section 523 of the] Bankruptcy Code does not extinguish certain tax liabilities for which a return was due within three years before the filing of an individual debtor's petition. 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i).

*Young v. United States,* 535 U.S. 43, 44, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002). Second, Section 523 establishes that a discharge does not extinguish liability to pay a tax for which a late-filed return was filed two years before the filing of an individual debtor's petition. 11 U.S.C. § 523(a)(1)(B)(ii).[3]

---

**3.** In *Ramsdell v. Commissioner of Internal Revenue,* T.C. Memo 2003-317, 2003 Tax Ct. Memo LEXIS 319, 86 T.C.M. (CCH) 599, Petitioners challenged a collection action filed by the IRS, alleging that their 1992 and 1993 federal tax returns were discharged in bank-

ruptcy. The court held that under 11 U.S.C. § 523(a)(1)(B)(ii) the taxes were not discharged because the returns were filed within two years of the filing of the bankruptcy petition. Id. In *Ramsdell,* the returns were filed three days after the filing of the bankruptcy.

With its motion for summary judgment, the City attached an exhibit on the taxes sought to be collected. The exhibit set forth each tax; each tax period; the date that the tax return should have been filed; and the date on which the return was actually filed. Carpino's bankruptcy petition was filed on January 5, 2000, establishing a three year look back date of January 5, 1997. The City's exhibit covered Carpino's business privilege taxes for years 1997, 1998 and 1999 and net profits taxes for years 1996, 1997, and 1998. All were due within the three year period prior to the filing of Carpino's bankruptcy petition. Indeed, some of the returns were not yet due on January 5, 2000, the date on which Carpino filed his bankruptcy petition and, thus, could not have been discharged as part of the bankruptcy.[4]

Carpino does not assert that any of the dates in the City's exhibit are erroneous, and he concedes that, as a general principle, taxes are not dischargeable if the returns came due during the three year look back period. The earliest tax returns cited in the City's complaint are the 1997 business privilege tax and the 1996 net profits tax. Both were due on April 15, 1997, which is after the three year look back date of January 5, 1997. As a factual matter, then, all taxes cited in the City's complaint fall within the three year look back period.

Nevertheless, Carpino argues that because the 1997 business privilege tax and the 1996 net profits tax were filed late, the three year look back date does not apply. It is true that they were filed late, on May 9, 1998. However, under 11 U.S.C. § 523(a)(1)(B)(ii), late returns filed within two years of the filing of a bankruptcy petition are not dischargeable. Carpino's late returns were filed within that two year look back period, which began on January 5, 2000. Thus, they were not dischargeable. Carpino's late filing argument is unavailing.

■ Carpino alternatively contends that the City's failure to file a proof of claim deprives it of its ability to pursue payment. Again, we disagree.

■ The failure to file a proof of claim is of no moment.[5] Taxes that are non-dischargeable under Section 523 of the Bankruptcy Code are not discharged "whether or not a claim for such tax was filed or allowed." *Grynberg v. United States (In re Grynberg)*, 986 F.2d 367, 369 (10th Cir.1993). Failure to file a proof of claim bars a creditor from receiving a distribution from the estate, but it does not make the debt dischargeable. Id. at 370.[6]

It is true that the City did not file a proof of claim. This barred the City from obtaining any distribution from the Carpino estate in the bankruptcy proceeding, but it had no effect whatsoever on the

---

4. The returns not yet due were the net profits tax returns for 1999 and 2000 as well as the business privilege tax returns for 2000.

5. In any case, the trial court held that because Carpino did not file a petition with the Tax Review Board, he has waived all defenses to the amount of taxes owed to the Plaintiff, citing *Krug v. City of Philadelphia*, 152 Pa. Cmwlth. 475, 620 A.2d 46 (1993).

6. *See also* 4 COLLIER ON BANKRUPTCY P. 501.01[3][d] (Alan Resnick & Henry J. Som-

mer eds. 15th ed. rev. 2005) ("Although failure to file a proof of claim may preclude a debtor from receiving distributions from the estate, a claim for a nondischargeable debt survives bankruptcy discharge"); *In re Otto*, 311 B.R. 43, 46, (Bankr.E.D.Pa.2004) (denying Petitioner's Motion to Reopen Chapter 7 Bankruptcy case to determine nondischargeability of IRS tax debt because nondischargeability disputes are not within the exclusive jurisdiction of the bankruptcy court).

174

City's ability to collect Carpino's tax debts. Accordingly, this argument of Carpino must fail.

In sum, on the merits, we hold that the trial court did not err in granting summary judgment to the City. The taxes sought to be collected by the City in its complaint came due within three years of the filing of Carpino's bankruptcy petition and, thus, were not dischargeable under Section 523(a)(1)(A) or 523(a)(1)(B)(ii) of the Bankruptcy Code. 11 U.S.C. §§ 523(a)(1)(A), 523(a)(1)(B)(ii).

■ Carpino next argues that the City should have filed its motion for reconsideration within ten days of the trial court's order denying summary judgment on October 14, 2005 under PA. R.C.P. No. 227.1. The trial court held that PA. R.C.P. No. 227.1 [7] did not apply because the order in question was not a final order. We agree.

The October 14, 2005, order was interlocutory because its effect was to list the complaint for a trial. A court has the power to reconsider an interlocutory order beyond a 30–day period. *See Buehl v. Horn,* 728 A.2d 973 (Pa.Cmwlth.1999). Under PA. R.C.P. No. 227.1, motions for post-trial relief must be filed within ten days of the entry of a final order or all issues are waived on appeal. Here, there was no trial or final order even issued, making the 10–day deadline for post-trial relief inapplicable. Therefore, the trial court had jurisdiction to grant reconsideration and the City's motion was timely filed.

For all these reasons, we affirm the trial court's grant of summary judgment.

7. It states:
(a) *After trial* and upon the written Motion for Post–Trial Relief filed by any party, the court may
(1) order a new trial as to all or any of the issues; or
(2) direct the entry of judgment in favor of any party; or

## ORDER

AND NOW, this 27th day of December, 2006, the order of the Court of Common Pleas of Philadelphia County dated December 8, 2005, in the above captioned matter is hereby AFFIRMED.

(3) remove a nonsuit; or
(4) affirm, modify or change the decision; or
(5) enter any other appropriate order.
PA. R.C.P. No. 227.1(a) (emphasis added). By its terms, this rule does not apply to a denial of summary judgment.