**SELINSGROVE AREA SCHOOL DISTRICT, Appellant**

v.

**LOBAR, INC., and American Roofing, Inc.**

Commonwealth Court of Pennsylvania.

Argued June 6, 2011.

Decided Sept. 27, 2011.

Reargument Denied Nov. 16, 2011.

Theodore A. Adler, Camp Hill, for appellant.

George E. Pallas, Pittsburgh, for appellee Lobar, Inc.

John William Heslop, Jr., Altoona, for appellee American Roofing, Inc.

BEFORE: McGINLEY, Judge, and BUTLER, Judge (P.), and FRIEDMAN, Senior Judge.

OPINION BY Judge BUTLER.

Selinsgrove Area School District (District) appeals the October 5, 2010 order of the Court of Common Pleas of the 17th Judicial District, Snyder County Branch (trial court), granting the Motions for Summary Judgment filed by Lobar, Inc. (Lobar), and American Roofing, Inc. (American Roofing), and dismissing the complaint filed by the District. The only issue before this Court is whether the trial court erred in finding that Section 13.7.1 of the General Conditions of the Contract (Section 13.7.1) entered into between the District and Lobar rendered the doctrine of *nullum tempus* inapplicable, and/or waived the doctrine of *nullum tempus* as a matter of law. For the following reasons, we affirm the order of the trial court.

The District and Lobar entered into a contract on April 1, 1996 for the construction of the Selinsgrove Area Intermediate School (School). On May 13, 2008, the District filed a complaint against Lobar alleging that Lobar neglected to properly install the School's roof. Lobar joined American Roofing as an additional defendant. Lobar and American Roofing each filed a Motion for Summary Judgment averring that the complaint is time-barred based on the statute of limitations. The trial court granted both motions. The Dis-

trict appealed the trial court's order to this Court.[1]

█ The District argues that the doctrine of *nullum tempus* (the doctrine) provides that statutes of limitations are not applicable to actions brought by the Commonwealth or its agencies unless a statute expressly so provides, and because the building of a school is an obligation imposed by law, the District is permitted to invoke the doctrine. Specifically, the District argues that Section 13.7.1 does not constitute an agreement to make the doctrine inapplicable and to apply the four year statute of limitations[2] because Section 13.7.1 merely specifies the times that "applicable statutes of limitations" would begin to run; it does not specify a waiver of the doctrine, and since there is no "applicable statute" due to the doctrine, the statute of limitations does not apply. We disagree.

In *Delaware County v. First Union Corporation*, this Court explained:

> The doctrine of *nullum tempus occurrit regi* generally provides that statutes of limitations do not bar actions brought by a state or its agencies. 'Under the doctrine of *nullum tempus*, statutes of limitations are not applicable to actions brought by the Commonwealth or its agencies unless a statute expressly so provides.'

929 A.2d 1258, 1261 (Pa.Cmwlth.2007) (quoting *City of Phila. v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 118 (3d Cir. 1993)). Although *nullum tempus* would ordinarily apply in a case where a school district is suing for damages resulting from negligence in the construction of its facilities,[3] in this particular instance the District created and entered into a contract with Lobar which included a clause that defined the timeframe wherein claims could be brought. The issue of whether the District can contractually waive its right to invoke the doctrine of *nullum tempus* is a matter of first impression.

This Court has held that *nullum tempus* can in fact be waived. Specifically, this Court found that the doctrine "is subject to waiver when the sovereign plaintiff fails to assert its rights." *Twp. of Ind. v. Acquisitions & Mergers, Inc.*, 770 A.2d 364, 372 (Pa.Cmwlth.2001). The issue before this Court thus becomes whether the District did in fact waive the doctrine by contractual provision.

Section 13.7 is titled "Commencement of Statutory Limitation Period." Reproduced Record (R.R.) at 203a. Section 13.7.1 provides the time period that "any applicable statute of limitations shall commence to run." R.R. at 203a. Specifically, regarding "acts or failures to act occurring prior to the relevant date of Substantial Completion, any applicable statute of limitations shall commence to run ... not later than such date of substantial completion." *Id.* Regarding "acts or failures to act occurring subsequent to the relevant date of Substantial Completion and prior to issuance of the final Certificate for Payment, any applicable statute of limitations shall commence to run ... not later than the date of issuance of the final Certificate for Payment." *Id.* Finally, regarding

> acts or failures to act occurring after the relevant date of issuance of the final Certificate for Payment, any applicable

---

1. "The scope of review from the granting of a motion for summary judgment is plenary; the standard of review is whether the trial court committed an error of law or abused its discretion." *City of Phila. v. Carpino*, 915 A.2d 169, 171 n. 1 (Pa.Cmwlth.2006).

2. *See* 42 Pa.C.S. § 5525.

3. *See Del. Cnty.*

statute of limitations shall commence to run ... not later than the date of any act or failure to act by the Contractor pursuant to any warranty ... the date of any correction of the Work or failure to correct the Work by the Contractor ... or the date of actual commission of any other act or failure to perform any duty or obligation by the contractor or Owner, whichever occurs last.

*Id.*

■ Such clear and unambiguous language clearly demonstrates the intent of the contracting parties to give effect to the applicable statute of limitations, carefully defining the starting point thereof, and thereby negating the applicability of the doctrine of *nullum tempus*. *See generally Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc.*, 892 A.2d 830 (Pa.Super.2006) (wherein the court held a similar contract clause negated the discovery rule).[4] As the District both created and entered into the contract at issue, there is no reason that Lobar should not be able to rely on the express terms of said contract. We hold that where a Commonwealth agency has offered and entered into a contract addressing applicable statutes of limitations with no mention of the *nullum tempus* doctrine, it would be fundamentally unfair and contrary to public policy in general to permit the agency to nullify provisions of the same contract by subsequently invoking the doctrine. Accordingly, with respect to the contract at issue, we hold that the trial court properly found that the District waived any applicability of the doctrine of *nullum tempus*.

For all of the above reasons, the order of the trial court is affirmed.

---

4. The District raises the discovery rule as an alternative argument in this case, however, in establishing the precise point at which any applicable limitations period shall commence, the express language of Section 13.7.1 clearly

*ORDER*

AND NOW, this 27th day of September, 2011, the October 5, 2010 order of the Court of Common Pleas of the 17th Judicial District, Snyder County Branch, is affirmed.

## DISSENTING OPINION BY Senior Judge FRIEDMAN.

I respectfully dissent. The law is clear that, under the doctrine of *nullum tempus*, statutes of limitations are inapplicable to actions brought by Commonwealth agencies unless a statute expressly provides otherwise. *Delaware County v. First Union Corporation*, 929 A.2d 1258, 1261 (Pa. Cmwlth.2007), *aff'd*, 605 Pa. 547, 992 A.2d 112 (2010). Although the majority recognizes that the doctrine of *nullum tempus* ordinarily would apply in a case such as this one, it concludes that Section 13.7.1 of the "General Conditions of the Contract for Construction" (Contract) between Selinsgrove Area School District (District) and Lobar, Inc. rendered the doctrine of *nullum tempus* inapplicable and/or waived the doctrine as a matter of law. I cannot agree.

Our appellate courts have recognized that *nullum tempus* and sovereign immunity have common roots and should be viewed as coordinate doctrines. *See generally Department of Transportation v. J.W. Bishop & Company*, 497 Pa. 58, 439 A.2d 101 (1981); *Northampton County Area Community College v. Dow Chemical, U.S.A.*, 389 Pa.Super. 11, 566 A.2d 591 (1989), *aff'd*, 528 Pa. 502, 598 A.2d 1288 (1991).[1] As with sovereign immunity, the

---

negates application of the discovery rule. *Gustine Uniontown Assocs., Ltd.*

1. A Commonwealth agency asserts *nullum tempus* when it is a plaintiff and sovereign

legislature has the ultimate and exclusive power to waive the doctrine of *nullum tempus*. *Northampton*, 566 A.2d at 595. Therefore, I disagree with the majority's conclusion that *nullum tempus* can be waived by contract. *Cf. New Foundations, Inc. v. Commonwealth of Pennsylvania, Department of General Services*, 893 A.2d 826, 830 (Pa.Cmwlth.2005) ("[N]o contractual agreement can do what the legislature has not done with regard to the sovereign immunity Commonwealth agencies enjoy.").

Even if the District could waive the doctrine of *nullum tempus* contractually, I would not conclude that it did so here. By its plain language, Section 13.7.1 of the Contract merely specifies the time periods in which "applicable" statutes of limitations would begin to run in various circumstances. Because no statute of limitations is applicable to the District by virtue of the doctrine of *nullum tempus*, Section 13.7.1 does not dictate the time within which the District was required to file the instant action.

Furthermore, I believe that Section 13.4.1 of the Contract, which the majority fails to address, negates any finding of waiver. Section 13.4.1 of the Contract (emphasis added) states:

> Duties and obligations imposed by the Contract Documents and rights and remedies available thereunder shall be in addition to **and not a limitation of** duties, obligations, rights and remedies otherwise imposed or available by law.

This provision, when read in conjunction with Section 13.7.1, makes clear that Section 13.7.1 should not be construed in a manner that restricts the District's right to assert *nullum tempus*.

Accordingly, because I would conclude that Section 13.7.1 of the Contract neither

immunity when it is a defendant. *Northamp-*

rendered the doctrine of *nullum tempus* inapplicable nor waived the doctrine of *nullum tempus*, I would reverse.